UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HAMMER,

    Plaintiff,

v.                           Case No. 8:14-cv-3243-T-33EAJ

CVS PHARMACY INC. AGENT
FOR HOLIDAY CVS, L.L.C.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Michael Hammer's Motion to Remand (Doc. # 8), filed on January 12, 2015. Defendant CVS Pharmacy Inc. Agent for Holiday CVS, L.L.C. filed a response in opposition to the Motion on January 29, 2015. (Doc. # 12). For the reasons stated below, Hammer's Motion to Remand is granted.

**I.**    **Background**

Hammer was employed by Defendant from January 10, 2011, until September 15, 2014. (Doc. # 2 at ¶ 10). In August of 2014, trash began accumulating behind the building out of which Defendant operates. (Id. at ¶ 11). "Defendant received notice from the Temple Terrace Fire Marshal that Defendant was in violation of the city code." (Id. at ¶ 12). To that end, the Fire Marshal "ordered Defendant to clear the area

behind the store." (Id.). Furthermore, the Fire Marshal informed Defendant that "he or she would return to insure that [the] area was code compliant." (Id.).

According to the Complaint, Defendant's District Manager – Earl Connell – ordered Hammer to "rent a truck and store the trash inside the truck so that the area would be clear for the Fire Marshal's pending inspection," and "to replace the trash once Defendant passed inspection." (Id. at ¶ 13). Hammer contends that he informed Defendant that such action would render Defendant "in violation of the Temple Terrance Fire Code." (Id. at ¶ 14). Hammer suggests that Connell "was visibly upset" at Hammer's statement. (Id. at ¶ 15).

"Soon" after Hammer made the statement to Connell, Hammer's employment with Defendant was terminated. (Id. at ¶ 16). Hammer submits that he was terminated for complaining about a "violation of a law, rule, or regulation," and that the reason Defendant gives for Hammer's termination is "mere pretext." (Id.).

On December 4, 2014, Hammer initiated this action in state court against Defendant alleging a violation of the Florida Private Whistleblower's Act (FPWA). (See Doc. # 2). Thereafter, on December 31, 2014, Defendant removed this action contending that this Court has jurisdiction pursuant

to 28 U.S.C. § 1332. (Doc. # 1). Hammer filed the present Motion to Remand on January 12, 2015 (Doc. # 8), which is ripe for the Court's review.

## II. Legal Standard

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In this case, it is undisputed that the parties are of diverse citizenship. The only question is whether the amount in controversy exceeds the $75,000 jurisdictional threshold. In the Complaint, Hammer has not specified the amount of damages claimed in this lawsuit. Instead, Hammer contends "[t]his is an action for damages exceeding $15,000.00 for violations of the [FPWA]." (Doc. # 2 at ¶ 1).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is proper

if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000. Id. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. Discussion

As the jurisdictional amount is not facially apparent from review of the Complaint, this Court is required to look to the Notice of Removal and accompanying documents to determine whether the jurisdictional amount in controversy requirement has been satisfied. Upon review, the Court finds that Defendant has not borne its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

In the Complaint, Hammer contends that "[t]his is an action for damages exceeding $15,000.00 for violations of the [FPWA]." (Doc. # 2 at ¶ 1). The Court notes that in the Notice of Removal, Defendant submits that it "has requested that Plaintiff stipulate that the amount in controversy is less

4

than $75,000, but Plaintiff has not yet responded." (Doc. # 1 at 4). Furthermore, in its response, Defendant provides that "Plaintiff has refused to stipulate that the amount in controversy is less than $75,000." (Doc. # 12 at 8).

However, "a plaintiff's refusal to stipulate that the plaintiff's claim is less than the jurisdictional amount is insufficient to satisfy the defendant's burden of proof." Williams v. Best Buy Co. Inc., 269 F.3d 1316, 1320 (11th Cir. 2001); see Henderson v. Ricoh Americas Corp., No. 8:09-cv-2467-T-23TGW, 2009 WL 5171775, at *1 (M.D. Fla. Dec. 22, 2009)(finding that "the plaintiff's failure to stipulate to the amount in controversy is insufficient, without more, to support removal").

Nonetheless, Defendant argues that the amount in controversy exceeds the jurisdictional requirement because Hammer seeks damages for back pay, front pay, and compensatory and emotional distress, and an award of attorneys' fees. (Doc. # 1 at 2). Specifically, in an attempt to demonstrate that the amount in controversy exceeds the jurisdictional threshold, Defendant contends that:

> In order to calculate a back pay award for purposes of determining whether the amount in controversy has been established, the Court should estimate the wages lost between the date of Plaintiff's

5

> termination and the estimated trial date, less any amount earned from other sources. . . . Here, Plaintiff's annual salary at the time of his termination was $33,904. Plaintiff has not alleged that he has mitigated his damages in any way. Thus, the amount in controversy on Plaintiff's back pay claim is currently $9,780 (15 weeks of back pay from Plaintiff's termination of September 15, 2014). Assuming a trial date in twelve months, Plaintiff's back pay claim alone will be approximately $43,684.
>
> Although Plaintiff's estimated back pay damages, standing alone, do not meet the jurisdictional threshold, the other damages sought in Plaintiff's Complaint make clear that the amount in controversy exceeds the required $75,000. In addition to back pay, Plaintiff seeks front pay, compensatory damages, including emotional distress, and attorneys' fees. Although Plaintiff has not specified the amount of these damages, even a conservative amount of front pay, compensatory damages and attorneys' fees would raise the amount in controversy over the required $75,000 jurisdictional amount.

(Id. at 2-3)(internal citations omitted); (Doc. # 12 at 4-6).

Therefore, Defendant submits that "[t]aking into account Plaintiff's estimated back pay of approximately $43,684, along with even modest awards of front pay, compensatory damages and attorneys' fees, *it is more likely than not that the amount in controversy exceeds $75,000*." (Doc. # 1 at

6

4)(emphasis added)(citing Cowan v. Genesco, Inc., No. 3:14-cv-261-J-34JRK, 2014 WL 3417656 (M.D. Fla. July 14, 2014)).

However, this Court finds that Defendant has provided nothing more than speculation to suggest that the total amount in controversy exceeds the $75,000 jurisdictional threshold. Defendant's jurisdictional arguments are similar to those presented in Mathew v. S & B Engineers & Const., Ltd., No. 8:08-cv-1801-T-33TGW, 2009 WL 249931, at *3 (M.D. Fla. Jan. 30, 2009).

In Mathew, the complaint only alleged that the action exceeded the $15,000 jurisdictional requirement of state court, and the plaintiff also declined to stipulate to an amount of damages over $75,000. Id. at *2. The defendant argued that the plaintiff's failure to stipulate to an amount of damages over $75,000 and the approximate $66,000 in back pay damages, combined with the plaintiff's claim of unspecified compensatory damages demonstrated that the plaintiff was more likely than not seeking damages in excess of $75,000. Id. However, in adopting the report and recommendation of Magistrate Judge Thomas G. Wilson, the Court determined that the defendant's argument was insufficient as it "failed to make an adequate showing of the jurisdictional amount." Id. at *3. As a result, the Court

7

granted the plaintiff's motion to remand. See also Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360 (M.D. Fla. 1998)(granting motion to remand when defendant argued plaintiff's lost wages of approximately $41,000, combined with the request for compensatory damages, established the amount in controversy, as the compensatory damages were too "nebulous" to be considered in proving, by a preponderance of the evidence, the jurisdictional amount); Grable v. Taser Int'l, Inc., No. 8:08-cv-1755-T-24MAP, 2008 WL 4683325, at *2 (M.D. Fla. Oct. 22, 2008)(remanding action as "[t]he allegations relating to Plaintiffs' damages . . . are too vague to support the conclusion that the amount in controversy has been satisfied.").

   Although the Court takes no position on the adequacy of Defendant's calculation of Hammer's back pay award, even if this Court were to accept such calculation, that amount alone – $43,684 – fails to meet the jurisdictional requirement. Further, in Defendant's Notice of Removal, Defendant has failed to identify, or provide documentation of, any additional damages beyond mere speculation. See Henderson, 2009 WL 5171775, at *2 (finding that "[a]ny estimate of additional compensatory damages or punitive damages is purely speculative").

Given that "uncertainties are resolved in favor of remand," Burns, 31 F.3d at 1095, the Court finds that Defendant has failed to prove that the amount in controversy exceeds $75,000. Consequently, the Court concludes that it lacks subject matter jurisdiction, and this case must be remanded to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Michael Hammer's Motion to Remand (Doc. # 8) is **GRANTED**. This case is hereby **REMANDED** to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, as this Court lacks subject matter jurisdiction over this action.

(2) The Clerk is directed to remand this action, terminate any previously scheduled deadlines and, thereafter, **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of February, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record